UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PRESTON WESTBROOKS,

                              Plaintiff,

v.                                                     Civil Action No. _____

MERCANTILE ADJUSTMENT BUREAU, LLC,     **JURY TRIAL DEMANDED**

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought because of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Preston Westbrooks is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Mercantile Adjustment Bureau, LLC, (hereinafter "Mercantile") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of Defendant Mercantile alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff Westbrooks incurred a debt to Rochester Gas & Electric. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff Westbrooks thereafter defaulted on the subject debt.

12. That upon information and belief, Defendant Mercantile was thereafter employed to collect the subject debt.

13. That beginning in or around July of 2007, Defendant Mercantile proceeded to call Plaintiff Westbrooks multiple times a week in an attempt to collect on the subject debt.

14. That many of the aforementioned telephone calls described above were made to Plaintiff Westbrooks at his home prior to eight o'clock antemeridian.

15. That many of the aforementioned telephone calls described above were made to Plaintiff Westbrooks at his home after nine o'clock postmeridian.

16. That on one occasion, Defendant Mercantile called and spoke with Plaintiff Westbrooks regarding payment of the subject debt. Plaintiff informed Defendant that his only source of income was Social Security benefits and stated that he was unable to pay the subject debt. Defendant replied that if payment arrangements were not made, Defendant would have Plaintiff arrested.

17. That despite the aforesaid statement, Defendant was aware that they did not possess the authority to have Plaintiff Westbrooks arrested for non-payment of the subject debt, and made said threat deliberately in order to scare and otherwise harass Plaintiff.

18. That Plaintiff made multiple requests to Defendant that they stop calling him regarding the debt because he could not afford to pay it. Defendant has ignored all of these requests.

19. That as a result of Defendant's acts and false threats of arrest, Plaintiff Westbrooks became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

20. Plaintiff Preston Westbrooks repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

21. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692c(a)(1) by attempting to communicate with Plaintiff Westbrooks at inconvenient and unusual times, which should have been known to be inconvenient because said telephone calls were made before eight o'clock antemeridian and after nine o'clock postmeridian, local time at the Plaintiff's location, and after receiving specific requests from Plaintiff that they stop calling him.

    B. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2), and 15 U.S.C. §1692d(5), by engaging in conduct, the natural consequence of which was to harass, oppress, and/or abuse the Plaintiff in connection with the collection of the subject debt by telling Plaintiff Westbrooks that he would be arrested and by repeatedly calling Plaintiff's telephone with the intent to annoy, abuse, and harass Plaintiff.

    C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by using false means in an attempt to collect on the subject debt, by falsely representing to Plaintiff Westbrooks that he could be arrested for non-payment of the subject debt.

22. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff Westbrooks demands trial by jury in this action.

Dated: June 12, 2008

                                                        /s/Kenneth R. Hiller, Esq.\_\_
                                                        Kenneth R. Hiller, Esq.
                                                        Amanda R. Jordan, Esq.
                                                        Law Offices of Kenneth Hiller
                                                        *Attorneys for the Plaintiff*
                                                        6000 North Bailey Ave., Suite 1A
                                                        Amherst, NY 14226
                                                        (716) 564-3288
                                                        Email: khiller@kennethhiller.com
                                                                 ajordan@kennethhiller.com

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

Plaintiff Preston Westbrooks affirms that the following statements are true and correct under penalties of perjury:

I am the Plaintiff in this civil proceeding.

I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: June 12, 2008

/s/Preston Westbrooks_____
Preston Westbrooks